United States District Court
Southern District of Texas
**ENTERED**
May 21, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| United States of America, § | |
| Plaintiff, § | |
| § | |
| v. § | Case No. 4-21-CR-00066-1 |
| § | |
| Ladonna Wiggins, § | |
| Defendant. § | |

## ORDER REVOKING BOND

On May 21, 2024, the Defendant appeared with counsel on Government's Sealed Motion for Revocation, ECF No. 227. After hearing arguments of counsel, the report from U.S. Probation, and reviewing the evidence, the Court ordered Defendant's bond revoked and that she be remanded to the custody of the US Marshals.

Title 18 U.S.C. § 3148 sets forth the standard for revocation of pretrial release. Pursuant to 18 U.S.C. § 3148(b), a judicial officer *shall* revoke a defendant's pretrial release if, after a hearing, the judicial officer finds (1) probable cause to believe that a person has committed a federal, state, or local crime while on release; *or* clear and convincing evidence that the person has violated any other condition of release; and (2) that the person is unlikely to abide by any condition or combination of conditions of release. In this case, the Court finds the Government has presented clear and convincing (and undisputed) evidence of Defendant's violations of conditions of

pretrial release, and that the Defendant is unlikely to abide by any condition or combination of conditions of release. Therefore, the Court revokes Defendant's pretrial release pursuant to Tile 18 U.S.C. § 3148(b).

The decision to revoke Defendant's pretrial release is based on the following evidence and information presented at the hearing:

- The Court finds the Government's Motion to Revoke and the Exhibits in support provide clear, convincing and undisputed evidence that Defendant violated the condition of her Pretrial Release that she not travel outside the judicial district;

- The Court finds the Defendant was fully aware of the travel restrictions she faced, as evidenced by her request to travel to Paris which was denied, and then her subsequent cancellation of her airfare to Paris;

- The Court finds the Defendant has previously failed to comply with conditions of release and has failed to comply with the Court's instructions on November 2, 2023 that she provide proof of legitimate self-employment, to include contracts and invoices for the catering business she claimed to be operating, and/or bills of sale or other proof of the purchase and sale of the luxury goods she claims to offer through an on-line business;

- The Court finds Defendant's repeated and multiple violations of Conditions of Release demonstrate a blatant disregard for this Court's orders which justify revocation of her Conditions of Release and bond.

The Court set a status conference for May 28, 2024, at which the Defendant may move to reopen the hearing and seek pretrial release. If moving to reopen the decision, Defendant should expect to produce evidence addressing her repeated failures to comply with conditions of pretrial release and this Court's instruction to provide proof of legitimate employment as well as her willingness and ability to comply with conditions of release in the future.

Signed on May 21, 2024, at Houston, Texas.

_Christina A. Bryan_
Christina A. Bryan
United States Magistrate Judge